**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN G. CIPRES,<br>Plaintiff,<br>v.<br>THE HOME DEPOT, et al.,<br>Defendants. | Case No.: 3:25-cv-02520-RBM-AHG<br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO REMAND**<br>**[Doc. 15]** |

Before the Court is Plaintiff Steven G. Cipres's ("Plaintiff") Motion for Leave to File First Amended Complaint and to Remand ("Motion to Amend and Remand"). (Doc. 15.) Plaintiff seeks leave to amend his Complaint to add Steven Pruitt ("Pruitt"), an employee of Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot"), as a Defendant, which would destroy complete diversity between the Parties and necessitate remand to state court. (*Id.* at 2.) Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") opposes the Motion to Amend and Remand. (Doc. 16.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, Plaintiff's Motion to Amend and Remand (Doc. 15) is **DENIED**.

## I. BACKGROUND[1]

This is a slip and fall personal injury case. (*See* Doc. 1-2 at 13.) On September 14, 2022, Plaintiff was shopping at a Home Depot store in El Cajon when he slipped and fell on a liquid that had remained unmarked in the store's plants/gardening section. (*Id.*) Plaintiff brings claims for: (1) negligence; (2) willful failure to warn; and (3) dangerous condition of public property. (*Id.* at 14.) The original Complaint named as Defendants: The Home Depot; The Home Depot No 6616 LLC; and Does 1 through 20, "the agents or employees of other named defendants" who "acted within the scope of that [ ] employment" and "persons whose capacities are unknown to plaintiff." (*Id.* at 11.)

Plaintiff filed the original Complaint in state court on September 16, 2024. (*See* Doc. 1-2 at 10.) Defendant removed the case to this Court on September 25, 2025 (Doc. 1), where it was shortly thereafter set for an Early Neutral Evaluation before Magistrate Judge Goddard (Doc. 4). Judge Goddard held a Case Management Conference, and issued a Federal Rule of Civil Procedure ("Rule") 16 Scheduling Order, on February 2, 2026. (Docs. 11–12.) Relevant here, the Scheduling Order required that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **April 6, 2026**. (Doc. 12 at 1 (emphasis in original).)

On May 22, 2026, Plaintiff filed the instant Motion to Amend and Remand. (Doc. 15.) As noted above, Plaintiff seeks to add Pruitt, the Home Depot employee allegedly "responsible for watering plants and leaving water in the customer walkway," as a Defendant. (*Id.* at 12.) Plaintiff "first learned that [ ] Pruitt was the employee involved" on January 23, 2026, when Home Depot provided discovery responses. (*Id.*; *see also* Doc. 15-1 [Decl. of Taylor Gaines ("Gaines Decl.")] ¶¶ 8–12.)

---

[1] Because "a challenged motion for leave to amend operates like a motion to dismiss," the Court accepts as true the allegations in the Complaint and proposed amended Complaint. *Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, Case No. 18-cv-00471-BAS-NLS, 2020 WL 1820124, at *9 (S.D. Cal. Apr. 10, 2020) (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996)).

## II. <u>LEGAL STANDARD</u>

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In other words, Rule 15's permissive standard "does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant," and "a court must scrutinize . . . amendment pursuant to 28 U.S.C. § 1447(e)." *Chan v. Bucephalus Alt. Energy Grp., LLC*, No. C 08-04537 JW, 2009 WL 1108744, at *3 (N.D. Cal. Apr. 24, 2009) (citations omitted); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) . . . clearly gives the district court the discretion to deny joinder," so decisions made under this statute are reviewed for "abuse of discretion.").

When deciding whether to allow amendment to add diversity-destroying defendants, courts generally consider whether: (1) "the party sought to be joined is needed for just adjudication and would be joined under [Rule] 19(a);" (2) "the statute of limitations would preclude an original action against the new defendants in state court;" (3) "there has been unexplained delay in requesting joinder;" (4) joinder is intended solely to defeat federal jurisdiction;" (5) "the claims against the new defendant appear valid;" and (6) denial of joinder will prejudice the plaintiff." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

## III. <u>DISCUSSION</u>

The Parties disagree as to how the Court should weigh the factors above. (*See* Doc. 15 at 10–16; Doc. 16 at 3–8.) Defendant also argues that the Court should deny Plaintiff's motion because it is untimely. (Doc. 16 at 3.) The Court will deny leave to amend.

### A. Untimely Motion

"Under Federal Rule of Civil Procedure 16, a schedule may be modified only for good cause and with the judge's consent." *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (citation modified). Rule 16(b)'s good cause standard

"primarily considers the diligence of the party seeking the amendment." *Id.* A party seeking leave to amend *after* the scheduling order's deadline to do so must also demonstrate "excusable neglect." *Henderson v. Aria Resort & Casino Holdings, LLC*, Case No. 2:21-cv-00280-JAD-NJK, 2023 WL 3007914, at *2 (D. Nev. Mar. 31, 2023) (citing *Branch Banking*, 871 F.3d at 764–65). "Whether neglect is excusable depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Branch Banking*, 871 F.3d at 765 (citation modified).

There is no dispute that Pruitt's identity was unknown to Plaintiff at the time he filed the Complaint, and became known to him only through the discovery responses Defendant served on January 23, 2026. (*See* Gaines Decl. ¶¶ 8–12.) But this is not a situation where Plaintiff's "noncompliance with a Rule 16 deadline occurred . . . because of the development of matters *which could not have been reasonably foreseen or anticipated* at the time" the scheduling order was issued. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (emphasis added). On the contrary, after Plaintiff learned of Pruitt's alleged involvement, Plaintiff had over two months until his deadline to file a motion for leave to amend. (*See* Doc. 12 at 1.) Instead, he waited until his deadline lapsed, and then another month and a half after that, to file the instant motion.[2] (*See* Doc. 15.) Plaintiff could have moved to amend his Complaint nearly four months before he chose to do so. The length of delay and reason for delay factors thus weigh heavily against him. *See Sako v. Wells Fargo Bank, Nat'l Ass'n*, No. 14cv1034-GPC (JMA), 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015) (finding lack of diligence in filing a motion to amend less than

---

[2] Indeed, based on the email exchanges Plaintiff included in his Motion to Amend and Remand, it appears that Plaintiff was well aware of the April 6, 2026 deadline. (*See* Doc. 15-1 at 31–33 (Plaintiff's counsel's email to defense counsel on April 6, 2026 noting that they had to "get this motion on calendar").) Still, the Motion to Amend and Remand was not filed until a month and a half later. Nowhere in the Motion or supporting declaration does Plaintiff even attempt to explain the reasons for this nearly four-month delay.

two months after discovering new facts at a deposition) (citing *Schwerdt v. Int'l Fidelity Ins. Co.*, 28 F. App'x 715, 719 (9th Cir. 2002) (same as to delay of one month after learning of new facts at a deposition) and *Experexchange, Inc. v. Doculex, Inc.*, No. C-08-03875 JCS, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009) (same as to delay of two months)).

The first excusable neglect factor, prejudice to Defendant, is neutral. On the one hand, the addition of a Home Depot employee likely would not necessitate more discovery. (*See* Doc. 16 at 7 ("Pruitt's deposition has already been scheduled for an agreed upon date and time").) On the other, Pruitt's addition would destroy diversity, thereby sending this case back to state court and bringing with it the additional delays inherent in a second change of forum. *See J.C. v. Soc'y of Jesus*, No. C05-1662JLR, 2006 WL 1207910, at *1 (W.D. Wash. May 9, 2006) ("[R]emanding this action to state court will no doubt substantially delay the trial of this action."). The fourth excusable neglect factor, whether Plaintiff acted in good faith, is also neutral. The Court does not find anything in the record that suggests Plaintiff is acting in bad faith. However, as noted above (*see supra* n.2), Plaintiff offers no explanation as to why he allowed four months to pass between learning of Pruitt's identity and filing his Motion to Amend and Remand.

Plaintiff bears the burden of showing excusable neglect. *Henderson*, 2023 WL 3007914, at *2. Because two of the excusable neglect factors are neutral, and two of them weigh against Plaintiff, the Court finds that Plaintiff has not demonstrated excusable neglect. Accordingly, the Court **DENIES** Plaintiff's Motion to Amend. Because remand would only be required if Pruitt were added as a Defendant (*see* Doc. 15 at 16–17), the Court also **DENIES** Plaintiff's Motion to Remand.

**B. Amendment Under § 1447(e)**

Even if Plaintiff had demonstrated excusable neglect, though, the Court would find that the § 1447(e) factors weigh against allowing leave to amend.

/ / /

/ / /

**1. Necessary Party Under Rule 19**

Rule 19 "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). This standard is not met where "defendants are only tangentially related to the cause of action or would not prevent complete relief." *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (citation omitted).

Plaintiff argues that Pruitt is a necessary party because "where an employee's negligent acts directly cause a plaintiff's injury, the employee may be held individually liable alongside the employer." (Doc. 15 at 11 (citing *Rojas v. Sea World Parks & Entm't, Inc.*, 538 F. Supp. 3d 1008, 1026 (S.D. Cal. 2021), *Frances T. v. Village Green Owners Ass'n*, 42 Cal. 3d 490, 504 (1986), and Cal. Civ. Code § 2338).) Plaintiff's authorities are unavailing. First, California Code of Civil Procedure section 2338 does not require an employee to be held personally liable for actions undertaken in the course of his employment. It states instead that, with limited exception not applicable here, "a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency." Second, the court in *Frances T.* did not discuss joint and several liability of employees with their employers; it dealt with the potential liability of directors of corporations. 42 Cal. 3d at 503–04.

And third, the court in *Rojas* explained that although an employee is not always immune from personal liability, California law evinces a "strong public policy that favors the indemnification (and defense) of employees by their employers for claims and liabilities resulting from the employees' acts within the course and scope of their employment." *Rojas*, 538 F. Supp. 3d at 1026 (citation modified). In fact, on the same page that Plaintiff cites in support of his argument, the *Rojas* court discussed a case practically identical to the one here. *Id.* In that case, a premises liability action against Lowe's, the plaintiff attempted to amend his complaint to add as a diversity-destroying defendant the employee allegedly responsible for Plaintiff's injuries. *Id.* (citation

modified). The court found that the "inclusion of [the employee] was not necessary to afford the plaintiff the ability to obtain complete relief" because "it would be Lowe's . . . who will be ultimately responsible for any damages under the doctrine of *respondeat superior*." *Id.* (citation modified).

Plaintiff's authorities do not support a finding that Pruitt is a necessary party. They also ignore California law that "[a] plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment *is not required* to name or join the employees as defendants." *Perez v. City of Huntington Park*, 7 Cal. App. 4th 817, 820 (1992) (emphasis added). This factor weighs in Defendant's favor.

**2. Statute of Limitations**

Plaintiff argues that "[t]he statute of limitations factor does not weigh against joinder." (Doc. 15 at 11–12.) Defendant does not challenge this argument. This factor weighs in Plaintiff's favor.

**3. Unexplained Delay**

As discussed in detail above (*see supra* Section III.A), Plaintiff's nearly four-month delay in moving to amend after learning of Pruitt's identity is entirely unexplained. *Cf. Chan*, 2009 WL 1108744, at *5 (timeliness factor weighed in favor of amendment where the plaintiff sought to amend four days after learning new information in discovery); *Clinco*, 41 F. Supp. 2d at 1083 (timeliness factor weighed in favor of amendment where the plaintiff sought to amend less than six weeks after filing the original complaint). This factor weighs in Defendant's favor.

**4. Motive**

"The motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (citation modified). Plaintiff asserts that he seeks to add Pruitt as a Defendant not just to destroy diversity, but because of Pruitt's "real and substantial" involvement. (Doc. 15 at 14.) But as discussed above, Pruitt is not a necessary party. This factor is thus neutral.

**5. Validity of Claims Against New Defendant**

Plaintiff argues that his negligence claim against Pruitt is meritorious. (Doc. 15 at 14–15.) As discussed above, even if this were true, any liability arising out of Pruitt's actions would be imputed to Home Depot. An employee might be successfully sued when his actions outside the scope of his employment give rise to a plaintiff's injuries. *See Rojas*, 538 F. Supp. 3d at 1026. But that is not the case here. Pruitt is alleged to be the "Home Depot employee involved in watering plants inside the store immediately before the incident." (Doc. 15 at 14.) There can be no reasonable dispute that an employee who waters the plants in his employer's store's plants section is acting within the scope of his employment. This factor weighs in Defendant's favor.

**6. Prejudice to Plaintiff if Amendment Denied**

Plaintiff argues that he would be prejudiced if leave to amend were denied because he "would be forced to file a separate lawsuit against [ ] Pruitt in state court" and "both cases would involve identical factual issues, witnesses, and evidence." (Doc. 15 at 15–16.) The Court disagrees. Plaintiff can recover completely from Home Depot through *respondeat superior*, and denying leave to amend would not prevent Plaintiff from obtaining discovery related to Pruitt's involvement. As noted above, Pruitt's deposition is already scheduled. (Doc. 16 at 7.) This factor weighs in Defendant's favor.

In summary, one factor favors Plaintiff, and one factor is neutral. The other four factors, especially timeliness and prejudice, heavily favor Defendant. Therefore, amendment would not be appropriate even if the Court reached the § 1447(e) analysis.

## IV. <u>CONCLUSION</u>

Plaintiff's Motion to Amend and Remand (Doc. 15) is **<u>DENIED</u>**.

**IT IS SO ORDERED**.

DATE: October 14, 2026



HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE